**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4044**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

WILLIAM LEE BURDETTE, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:07-cr-00318-WDQ-1)

Submitted:  September 29, 2011      Decided:  December 16, 2011

Before KING, KEENAN and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew R. Szekely, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Kristi N. O'Malley, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lee Burdette, Jr., pled guilty, pursuant to a plea agreement, to one count of transportation of child pornography in interstate and foreign commerce by means of computer, in violation of 18 U.S.C.A. §§ 2252A(a)(1), 2256 (West 2000 & Supp. 2011). The district court sentenced Burdette to 135 months in prison. Burdette appeals, and we affirm.

On appeal, Burdette claims that his sentence was procedurally unreasonable because the district court failed to adequately explain the sentence, as required by 18 U.S.C.A. § 3553(c) (West Supp. 2011). This court reviews a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to "ensure that the district court committed no significant procedural error," such as incorrectly calculating the Guidelines range or "failing to adequately explain the chosen sentence." Id. The court then considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. This court presumes on appeal that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In explaining a sentence, the "sentencing judge should articulate enough to satisfy the appellate court that he has

2

considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," but when the judge decides to sentence within the Guidelines range, "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). Where the defendant "presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." Id. at 357; see United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009). While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the district court imposes a sentence within a properly calculated guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

The record discloses that here, the district court properly calculated the Guidelines range, heard argument from both parties, and announced its decision to sentence Burdette within the Guidelines range. Its explanation for this sentence was not lengthy, but it made clear the court's disagreement with defense counsel's argument as to the seriousness of the offense and the importance of consistency in sentencing. The court stated that a Guidelines sentence fit Burdette's circumstances and provided the desired uniformity. Although the district

3

court did not touch on every point raised by defense counsel, its explanation was sufficient to show its consideration of Burdette's arguments and the reasoned basis for its decision. Rita, 551 U.S. at 356.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4